IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. GAMBRELL, | ) | |
| Petitioner, | ) | Civil Action No. 12-176 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Sean J. McLaughlin |
| UNITED STATES GOVERNMENT, | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice for lack of subject matter jurisdiction.

**II.    REPORT**

The U.S. Court of Appeals for the Seventh Circuit, which in 1999 affirmed Petitioner James E. Gambrell's judgment of sentence, summarized his criminal case as follows:

> On June 9, 1994, Agent Doug Eckerty of the Vermillion County Metropolitan Enforcement Group arranged for a confidential informant to buy drugs from Sheila "Cookie" Gambrell. The informant entered Cookie's apartment, did the deed, and afterwards reported seeing cocaine, drug paraphernalia, and guns in the apartment and a gun in Cookie's breast pocket. The informant told Eckerty that he had previously seen a male roommate who also wore a gun, though this man (who turned out to be James Gambrell) was apparently not home when the informant made the arranged buy. Based on this information, Eckerty sought and obtained a no-knock warrant under section 108-8(b)(1) of Illinois' no-knock statute, which authorized the court to dispense with the knock-and-announce formalities if there were "firearms or explosives in the building in an area where they are accessible to any occupant." 725 ILCS 5/108–8(b)(1). Eckerty and company battered down the apartment's door without first announcing their presence (which is the very thing a no-knock warrant allowed them to do), found drugs, drug paraphernalia, and guns as the informant told them they would, and arrested Cookie and her roommate (the exact nature of their relationship is unclear, but unimportant) James

1

Gambrell. James Gambrell, a convicted felon, was charged with knowingly possessing five guns in violation of 18 U.S.C. § 922(g).

United States v. Gambrell, 178 F.3d 927, 928 (7th Cir. 1999).

Gambrell's case was before the U.S. District Court for the Central District of Illinois in United States v. Gambrell, No. 2:96-cr-20056 (C.D. Ill.). He pleaded guilty of violating 28 U.S.C. § 922(g) on July 23, 1998, in exchange for the United States' agreement to forego charging him with failure to appear in violation of 18 U.S.C. § 3146(a) and to recommend sentencing at the low end of the applicable guideline range. Because he had possessed a sawed-off shotgun, his sentence was increased by two offense levels pursuant to U.S. Sentencing Guideline ("USSG") 2k2.1(a)(3). In addition, because he had been convicted on three prior occasions of violent felonies, his sentencing range was increased from 0-10 years', to 15 years' to life under USSG 4B1.4. [ECF NO. 6-12 at 3].

On or around October 29, 1998, the district court sentenced Gambrell to 235 months of imprisonment. In his appeal to the Seventh Circuit Court of Appeals, he challenged the police officers' no-knock entry into his home. On May 26, 1999, the court affirmed his judgment of sentence. Gambrell, 178 F.3d at 928-30.

Gambrell is presently incarcerated at the Federal Correctional Institution at McKean, which is located within the territorial boundaries of the Western District of Pennsylvania. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] in which challenges his judgment of sentence. He seeks an order from this Court directing that he be released immediately.

**A.    Relevant Statutory Background**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 &

2

2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

On rare occasions it is possible for federal prisoners to attack their convictions pursuant to § 2241, as opposed to § 2255. Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The U.S. Court of Appeals for the Third Circuit has found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. In the Third Circuit, the seminal case

3

on the application of § 2255's "savings clause" is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated a § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil filed an application with the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied his request because he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] However, the court concluded that Dorsainvil had established the inadequacy of § 2255 so as to bring his claim in a § 2241 petition:

> Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87,

---

[1] Dorsainvil was barred from filing a second or successive § 2255 motion because he could not satisfy AEDPA's requirements for such a motion: *i.e.*, his application was not based on "newly discovered evidence," and the Supreme Court's decision in Bailey, which he was claiming decriminalized the conduct for which he had been convicted, did not constitute "a new rule of *constitutional law* . . . that was previously unavailable." Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

(1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

The Third Circuit Court of Appeals subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003). It repeatedly has held that "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or

5

because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). It has stressed that it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

### B.  Relevant Background

On March 14, 2001, Gambrell filed with his sentencing court, the District Court for the Central District of Illinois, a motion to vacate his judgment of sentence pursuant to 28 U.S.C. § 2255. The court dismissed that motion as untimely. On January 3, 2003, the Seventh Circuit Court of Appeals denied Gambrell's request for a certificate of appealability. [ECF No. 6-4 at 2, 4].

On June 23, 2003, Gambrell filed with his sentencing court another § 2255 motion. The court dismissed that motion as untimely and because it was second or successive. Gambrell then submitted to the Seventh Circuit Court of Appeals an application for an order authorizing the sentencing court to consider a second or successive § 2255 motion. The court denied that application on February 3, 2004. [ECF No. 6-6 at 2; ECF No. 6-7 at 3].

On April 2, 2004, Gambrell, who at the time was confined at the Federal Medical Center in Lexington, Kentucky, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Eastern District of Kentucky. He alleged that his Fifth Amendment due process rights were violated because his indictment failed to notify him that he would be sentenced

6

pursuant to USSG 2K2.1(a)(3) and USSG 4B1.4. He also claimed that his Sixth Amendment right to a jury trial had been violated because he was sentenced for two crimes (violations of the elements of 18 U.S.C. § 924(e) and/or 26 U.S.C. § 5845(a)(1)) without his ever having been indicted on or convicted of committing acts constituting those criminal elements. [ECF No. 6-9 at 2-3]. On August 12, 2004, the court dismissed the petition for lack of jurisdiction because Gambrell's claims were cognizable under § 2255, not § 2241. It further held that he did not demonstrate that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. [ECF No. 6-9 at 4-6]. The U.S. Court of Appeals for the Sixth Circuit Court affirmed on June 13, 2005. [ECF No. 6-10 at 3].

On November 21, 2006, Gambrell filed a second petition for a writ of habeas corpus in the District Court for the Eastern District of Kentucky. [ECF No. 6-12 at 4-5]. In a Memorandum Opinion and Order dated November 30, 2006, the court noted that Gambrell's "arguments in his present habeas petition ... appear to substantially mirror those asserted in his prior habeas petition." [ECF No. 5]. It held that, as was the case with his first § 2241 petition, Gambrell's claims were not cognizable under § 2241 and he failed to demonstrate that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. [ECF No. 6-12 at 5-7].

Gambrell filed a third petition for a writ of habeas corpus in the U.S. District Court for the Southern District of Illinois on March 2, 2010. He asserted that his sentencing court lacked jurisdiction over his criminal case and, therefore, he is "actually innocent" of the crime for which he was convicted. Specifically, he contended that the sentencing court lacked "statutory jurisdiction under Article 1, Section 8 of the Constitution" and that it exceeded its "judicial jurisdiction" under Article III, Section 2 of the Constitution. The court dismissed this petition with prejudice for the same reason that the previous two had been dismissed: because Gambrell's claims are not cognizable under § 2241 and he failed to show that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective.

[ECF No. 6-15 at 3-6]. The Seventh Circuit Court of Appeals affirmed on September 27, 2010. [ECF No. 6-17 at 2].

In the meantime, Petitioner was transferred to FCI McKean. Now before this Court is at least his fourth § 2241 habeas petition. He argues once again that he is innocent and that his sentencing court "exceeded the jurisdictional limits established by Article III, Section 2, Clause 1 of the U.S. Constitution … when it proceeded without a Grand Jury determination which establishes that Petitioner is in fact an 'unlicensed' firearms 'dealer,' who allegedly, 'received, in the State where he resides, a firearm purchased or otherwise obtained by Petitioner outside that States,' in violation of title 18, United States Code, Section 922(a)(3)." [ECF No. 1 at 5 (internal brackets omitted)]. As relief, he seeks "immediate and unconditional release." [ECF No. 1 at 36].

Respondent contends that the petition must be dismissed for lack of jurisdiction because Gambrell's claims cannot be pursued in a § 2241 petition and he has not argued, let alone demonstrated, that § 2255's remedy is "inadequate or ineffective." [ECF No. 6]. Gambrell did not file a Reply. See Local Rule 2241(D)(2) ("the petitioner may file a Reply ... within 30 days of the date the respondent files its Response.").

### C.     Discussion

Respondent is correct that this Court must dismiss the petition for want of subject matter jurisdiction because Gambrell is challenging the validity of his judgment of sentence and, for the reasons explained above, he cannot do so under a petition for a writ of habeas corpus pursuant to § 2241. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court. Gambrell does not argue that this case falls within the narrow constraints enunciated in <u>Dorsainvil</u>, and this Court can discern no reason to support the conclusion that this case falls within § 2255's "savings

8

clause" or "safety valve." Gambrell challenged his judgment of sentence with the district court that sentenced him. That it did not provide him with the relief he sought does not establish that § 2255 provided him with an inadequate or ineffective remedy. As explained above, this Court, sitting in habeas, is not merely another avenue for him to seek relief from his judgment of sentence. It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

In conclusion, this Court does not have subject matter jurisdiction and, therefore, the petition must be dismissed.[2]

### D.     **Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## III.    **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)

---

[2] It also appears that the petition is subject to dismissal under 28 U.S.C. § 2244(a), which provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255." Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (a petition for writ of habeas corpus filed under § 2241 should be dismissed if it raises issues that "either had been, or could have been, decided in" a previous habeas action.). And, although Respondent does not argue this, the petition also appears to be an abuse of the writ as described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002).

and (C), and Rule 72.D.2 of the Local Civil Rules, Gambrell is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 4, 2013

cc: The Honorable Sean J. McLaughlin
    United States District Judge